IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

FELICE BROWN                                                              PLAINTIFF
*On behalf of*
A.B., A MINOR


vs.                              Civil No. 6:10-cv-06038

MICHAEL J. ASTRUE                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

 Felice Brown ("Plaintiff") brings this action on behalf of A.B., a minor, pursuant to § 205(g)

of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review

of a final decision of the Commissioner of the Social Security Administration ("SSA") denying A.B.'s

application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have

consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case,

including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

1. **Background:**

 Plaintiff protectively filed an SSI application on behalf of her daughter A.B. on January 14,

2008.  (Tr. 7, 77-79, 96).  In her application, Plaintiff alleged A.B. was disabled due to attitude

problems, violence, and hyperactivity.  (Tr. 100).  Plaintiff alleged A.B.'s onset date was January 1,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

2005.  (Tr. 7, 77, 96).  This application was denied initially and again upon reconsideration.  (Tr. 42-43).

Thereafter, Plaintiff requested an administrative hearing on A.B.'s application, and this hearing request was granted.  (Tr. 56-69).  An administrative hearing was held on August 21, 2009 in Hot Springs, Arkansas.  (Tr. 22-33).  Plaintiff and A.B. were present at this hearing but were not represented by counsel.  *Id.*  On October 8, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of A.B.  (Tr. 7-21).

In this decision, the ALJ found A.B. was born on June 21, 1996 and was a school-aged child on January 14, 2008 (the application date).  (Tr. 10, Finding 1).  The ALJ also found that, as of the date of his decision, A.B. was an adolescent.  *Id.*  The ALJ determined A.B. had not engaged in Substantial Gainful Activity ("SGA") since January 14, 2008, her alleged onset date.  (Tr. 10, Finding 2).  The ALJ determined A.B. had the following severe impairment: oppositional defiance disorder.  (Tr. 10-11, Finding 3).  The ALJ also determined A.B.'s impairment did not meet, medically equal, and was not functionally equivalent to the Listing of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 11-21, Findings 4-5).

In assessing whether A.B.'s impairment was functionally equivalent to the Listings, the ALJ assessed the six domains of functioning.  (Tr. 12-21, Finding 5).  Specifically, the ALJ determined A.B. had the following limitations in the six domains of functioning: (1) less-than-marked limitation in acquiring and using information; (2) less-than-marked limitation in attending and completing tasks; (3) marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less-than-marked limitation in the ability to care for herself; and (6) no limitation in health and physical well-being.  *Id.*  Based upon these findings, the ALJ determined A.B.

2

had not been disabled, as defined by the Act, since January 14, 2008, the date her application was filed. (Tr. 21, Finding 6).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 34-35). *See* 20 C.F.R. § 404.968. On April 27, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 25, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 16, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 14, 24. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which

provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed an application in 2008, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.   First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.   If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.   If a severe impairment is found, the ALJ will proceed to the third step.   At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1.   A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing.   *See* 20 C.F.R. § 416.924(d)(1).

4

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)*.* An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.      Discussion:**

In her appeal brief, Plaintiff alleges the ALJ erred by finding A.B.'s impairments were not functionally equivalent to the Listings. ECF No. 14 at 1-21. Specifically, Plaintiff argues that A.B. suffers from at least a marked limitation in two domains of function or an extreme limitation in one domain of functioning. *Id.* In response, Defendant claims that the ALJ properly determined A.B.'s impairments were not functionally equivalent to the Listings, and Defendant argues Plaintiff's claims offer no basis for reversal. ECF No. 24. This Court will evaluate each of the six domains of

5

functioning to determine whether the ALJ properly assessed A.B.'s limitations in each domain of functioning.

**A.      Acquiring and Using Information**

The ALJ found A.B. had a less-than-marked limitation in acquiring and using information. (Tr. 15).  In his opinion, the ALJ partly based this determination upon his finding that A.B.'s poor academic performance "was attributed to poor effort and motivation."  *Id.*  According to the Social Security Regulations ("SSR"), factors to consider for "[a]cquiring and using information" include the following:

> School-age children (age 6 to attainment of age 12).  When you are old enough to go to elementary and middle school, you should be able to learn to read, write, and do math, and discuss history and science.  You will need to use these skills in academic situations to demonstrate what you have learned; e.g., by reading about various subjects and producing oral and written projects, solving mathematical problems, taking achievement tests, doing group work, and entering into class discussions.  You will also need to use these skills in daily living situations at home and in the community (e.g., reading street signs, telling time, and making change).  You should be able to use increasingly complex language (vocabulary and grammar) to share information and ideas with individuals or groups, by asking questions and expressing your own ideas, and by understanding and responding to the opinions of others.

*See* 20 C.F.R. § 416.926a(g)(2)(iv).

In the present action, this Court finds the ALJ's determination that A.B. has a less-than-marked limitation in acquiring and using information is supported by substantial evidence in the record.  As noted by the ALJ, the medical evidence establishes A.B. was "of average intelligence and her thought process was routinely described as rational and logical by her treating psychologist." (Tr. 15).  Indeed, A.B.'s therapist indicated on several occasions that A.B. had poor academic performance, but that it was attributed to A.B.'s poor effort and lack of motivation.  (Tr. 206-207, 212, 217, 223-224, 271). At the August of 2009 hearing, A.B.'s mother testified that A.B. had made average grades until

6

recently when she obtained an "F" in reading.  (Tr. 28-29).  The ALJ noted A.B. was currently in seventh grade and was enrolled in regular classes.  (Tr. 15, 25-26).  The ALJ specified there was no indication in the record A.B. had ever been recommended for special education classes.  (Tr. 15).

As noted in Plaintiff's briefing, there is evidence indicating A.B. has some limitation in this domain of functioning.  Notably, A.B.'s fifth-grade standardized test results in math and literacy were below average.  (Tr. 150-151).  The reports from A.B.'s teachers also indicate A.B. was limited in acquiring and using information.  (Tr. 107, 143, 153).  Specifically, among other reports, A.B.'s fifth grade teacher reported an "obvious problem" in understanding school and content vocabulary (Tr. 107); sixth grade teacher reported an "obvious problem" in reading and comprehending written material (Tr. 143); and another fifth grade teacher reported a "serious problem" in reading and comprehending written material.  (Tr. 153).  Clearly, these findings demonstrate A.B. has some limitation in acquiring and using information, but the issue is whether this limitation is either "marked" or "extreme."  Based upon the evidence outlined above, this Court finds this evidence does not demonstrate A.B.'s limitation was "marked" or "extreme," and the ALJ did not err when he found A.B.'s limitation in this domain of functioning was less-than-marked.

### B.    Attending and Completing Tasks

The ALJ found A.B. had a less-than-marked limitation in attending and completing tasks.  (Tr. 16).  The ALJ made this determination based upon the same findings he made above for determining A.B. had a less-than-marked limitation in acquiring and using information.  *Id.*  Plaintiff also included the same briefing on this issue as she did for the discussion of acquiring and using information.  ECF No. 14.

According to the SSRs, factors to consider for "[a]ttending and completing tasks" include the

following:

> School-age children (age 6 to attainment of age 12).  When you are of school age, you should be able to focus your attention in a variety of situations in order to follow directions, remember and organize your school materials, and complete classroom and homework assignments.  You should be able to concentrate on details and not make careless mistakes in your work (beyond what would be expected in other children your age who do not have impairments).  You should be able to change your activities or routines without distracting yourself or others, and stay on task and in place when appropriate.  You should be able to sustain your attention well enough to participate in group sports, read by yourself, and complete family chores.  You should also be able to complete a transition task (e.g., be ready for the school bus, changes clothes after gym, change classrooms) without extra reminders and accommodation.

20 C.F.R. § 416.926a(h)(2)(iv). Based upon the discussion above for "acquiring and using information," this Court find the ALJ's decision that A.B. had a less-than-marked limitation in this domain of functioning is also supported by substantial evidence in the record.

### C.    Interacting and Relating with Others

The ALJ found A.B. had a marked limitation in interacting and relating with others.  (Tr. 17-18).  The ALJ based this finding upon the fact A.B. had been diagnosed with oppositional defiance disorder, had exhibited behavioral problems, but had apparently not been suspended from school.  *Id.* According to the SSRs, factors to consider for "[i]nteracting and relating with others" include the following:

> School-age children (age 6 to attainment of age 12).  When you enter school, you should be able to develop more lasting friendships with children who are your age. You should begin to understand how to work in groups to create projects and solve problems.  You should have an increasing ability to understand another's point of view and to tolerate differences.  You should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand.

20 C.F.R. § 416.926a(i)(2)(iv).

Upon review, this Court finds the ALJ's determination that A.B. only had a marked limitation in this domain of functioning is supported by substantial evidence in the record.  A.B.'s school records

8

demonstrate she had been disciplined on several occasions at school for inappropriate behavior.  (Tr. 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95).  All of these disciplinary records, however, are dated before Plaintiff's protective filing date for SSI.  (7, 77-79, 96).  They are, therefore, not relevant to this SSI application.  *See Cruse v. Bowen,* 867 F.2d 1183, 1185 (8th Cir. 1989) (finding SSI benefits "are not payable for a period prior to the application").

Furthermore, even considering these records and the fact A.B. had been diagnosed with oppositional defiance disorder, had disciplinary problems in school, and had been receiving therapy, she had not been prescribed medication to treat the disorder.  (Tr. 18).  The fact A.B. had not been prescribed, or was not taking, prescription medications indicates her limitation in this domain may not be "extreme."  *See Curran-Kicksey v. Barnhart,* 315 F.3d 964, 969 (8th Cir. 2003) (approving the ALJ's consideration of the claimant's failure to use prescription medication in determining she was not disabled).  A.B. had also not consistently sought treatment for her alleged disorder.  (Tr. 82). A.B.'s teacher reported the following: "Continuous severe behavior problems, unstable housing arrangement, poor hygiene @ times (mom), inconsistently available for therapy."  *Id.*  Accordingly, this Court finds the ALJ's decision that A.B. only suffers from a marked limitation in this domain of functioning is supported by substantial evidence in the record.

### D.    Moving About and Manipulating Objects

The ALJ found A.B. had no limitation in the domain of moving about and manipulating objects.  (Tr. 18-19).  The ALJ based this finding upon the fact A.B. had not alleged having any limitation in this domain of functioning, and there were no medical records showing A.B. had any limitation in this domain.  *Id.*  Further, in her briefing, Plaintiff stated A.B. "does not have limitations in the moving about and manipulating objects."  ECF No. 14 at 17.  Therefore, this Court finds the ALJ's determination that A.B. has no limitation in this domain of functioning is supported by

substantial evidence in the record.

###### E.      Caring for Yourself

The ALJ found A.B. had a less-than-marked limitation in caring for herself.  (Tr. 20).  The ALJ

based this determination upon the fact that even though A.B. often became frustrated easily and used

poor judgment, she also on several occasions exhibited "good behavior" and made "good choices when

she was putting forth good effort towards improving her behavior."  (Tr. 20).   According to the SSRs,

factors to consider for "[c]aring for yourself" include the following:

> School-age children (age 6 to attainment of age 12).  You should be independent in
> most day-to-day activities (e.g., dressing yourself, bathing yourself), although you may
> still need to be reminded sometimes to do these routinely.  You should begin to
> recognize that you are competent in doing some activities and that you have difficulty
> with others.  You should be able to identify those circumstances when you feel good
> about yourself and when you feel bad.  You should begin to develop understanding of
> what is right and wrong, and what is acceptable and unacceptable behavior.  You
> should begin to demonstrate consistent control over your behavior, and you should be
> able to avoid behaviors that are unsafe or otherwise not good for you.  You should
> begin to imitate more of the behavior of adults you know.

20 C.F.R. § 416.926a(k)(2)(iv).

Based upon the record, this Court finds the ALJ's decision that A.B. had a less-than-marked

limitation in this domain of functioning is supported by substantial evidence in the record.  Notably,

when A.B. was in the fifth grade, she was found to have a "very serious problem" with handling

frustration appropriately, being patient when necessary, and taking care of personal hygiene. (Tr. 157).

However, by the sixth grade, A.B.'s teacher did not report any limitations in these areas.  (Tr. 147).

Furthermore, consistent with the ALJ's finding on this issue, A.B.'s therapist noted on several

occasions that A.B. was demonstrating good behavior and was making good choices when she put

forth good effort towards improving her behavior.  (Tr. 225-226, 229-230, 232-233, 278, 337-342).

Accordingly, the ALJ's determination that A.B. had a less-than-marked limitation in this domain of

functioning is supported by substantial evidence in the record.

F.      **Health and Physical Well-Being**

The ALJ found A.B. had no limitation in her health and physical well-being. (Tr. 21). The ALJ based this determination upon the fact that Plaintiff had not alleged A.B. had any limitation in this domain of functioning, and A.B. had not been treated for any medical illnesses or problems. *Id.* According to the SSRs, "[h]ealth and physical well-being" includes consideration of "the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on your functioning." 20 C.F.R. § 416.926a(l).

Based upon this Court's review of the record in this case, the ALJ's finding that A.B. has no limitation in health and physical well-being is supported by substantial evidence in the record. Importantly, Plaintiff did not allege at the administrative hearing in this matter that A.B. had any limitation in health and physical well-being, and A.B.'s medical records do not support such a finding. (Tr. 22-33, 175-359).

**4.      Conclusion:**

Based on the foregoing, the undersigned finds A.B.'s impairments are not functionally equivalent to the Listings, and the decision of the ALJ is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of August, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

11